UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE WHITE, *et al.*,

      Plaintiffs,

v.

MORTGAGE ELECTRONIC
REGISTRATION
SYSTEMS, INC.,

      Defendant.

_____/

Case No. 2:16-cv-11514
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (DE 9)

**I.     RECOMMENDATION**: The Court should grant Defendant's motion to dismiss on the basis that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.  Further, I recommend that the Court impose prefiling restrictions on any future cases filed by Plaintiffs related to their 2004 foreclosure proceedings.

**II.    REPORT**

    **A.     Background**

For the purposes of this motion to dismiss, I will accept the allegations in Plaintiffs' complaint as true.

On April 23, 2003, Plaintiffs Jesse and Kimberly White, borrowed $70,478.00 from New Freedom Mortgage Corporation to secure a mortgage on the property at 1293 18th St., Detroit, MI 48216 ("the property"). (DE 1 at 7.) The mortgage documents named Defendant, Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee for the lender. (Id.) Thereafter, Plaintiffs defaulted on the mortgage and a sheriff's sale of the property was held on June 9, 2004. (DE 9-3.)[1] Defendant successfully bid on the property at the sheriff's sale and was granted a judgment of possession. (DE 9-17 at 3.)

Plaintiffs, who are proceeding without the assistance of counsel, filed this action on April 27, 2016 pursuant to 42 U.S.C. § 1983. (DE 1.) In their complaint, they assert that Defendant violated 12 U.S.C. § 3757(3)(B) and Mich. Comp. Laws 600.3204(c), by unlawfully seizing the property and thereby violated their rights under the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, they assert that MERS did not have the right to foreclose on their

---

[1] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the documents attached to Defendant's motion so long as they are "referred to in a plaintiff's complaint and are central to her claim." *Weiner v. Klais and Co. Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). The Court may also rely upon matters of public record. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 222 (2007); *see also Letvin v. Lew*, No. 13-12015, 2014 WL 2865143, at *4 (E.D. Mich. June 24, 2014) (taking judicial notice of the Note, Mortgage, and Sheriff's Deed attached to the defendant's motion to dismiss without converting the motion into one for summary judgment).

2

property as a mere servicing agent and when it was not the lender. (DE 1 at 2.) They contend that MERS is a state actor capable of violating their rights under the Constitution because it filed documents with the state and seized property. (Id. at 3.)

Defendant filed the instant motion on May 27, 2016, moving to dismiss Plaintiff's complaint and/or for summary judgment. (DE 9.) Defendant asserts that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine,[2] *res judicata*, lack of standing with respect to the property, and the applicable statute of limitations. In addition, Defendant asserts that Plaintiffs cannot make a constitutional claim because MERS is not a state actor. Finally, Defendant asks the court to enjoin Plaintiffs from filing future lawsuits against it, or related to the foreclosure or eviction, because they have filed at least nine related lawsuits since 2004.

Plaintiffs oppose the motion, filing a document titled "Motion to Deny Defendant's Counterclaim for Dismissal Pursuant to FRCVP 8(b)(1)," on June 6, 2016. (DE 14.) They argue that their claims are not barred by *Rooker-Feldman* or *res judicata* because they are not challenging the state court judgment. Instead, they assert that they are challenging Defendant's "inserting the appropriate name in the designated blank to end their Constitutional rights." (DE 14 at 2.) They

---

[2] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

maintain that MERS did not have the proper documentation to end their rights in the property pursuant to MCL 600.3204(3), and again assert that MERS could not have been the original lender to their mortgage.

### B. Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F. 3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### C. Discussion

As noted above, Defendant makes a number of arguments as to why Plaintiffs' complaint should be dismissed. When considering affirmative defenses, courts must first address whether or not the claims asserted are barred by *Rooker-Feldman*, "since its application strips federal courts of jurisdiction and the ability to hear a *res judicata*, or other affirmative, defense." *Hutcherson v. Lauderdale Cnty., Tenn.*, 326 F. 3d 747, 755 (6th Cir. 2003). As I conclude that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, I will not address Defendant's remaining arguments.

#### 1. *Rooker-Feldman*

"The *Rooker-Feldman* doctrine provides that inferior federal courts lack jurisdiction to review the final judgments of state courts." *Hutcherson*, 326 F. 3d at 755 (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). It applies in cases "brought by state-court losers complaining of injuries caused by state-

5

court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The Sixth Circuit has explained the application of *Rooker-Feldman* as follows:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).  Federal jurisdiction is proper, therefore, "if a federal plaintiff presents an independent claim, 'albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'"  *Brown v. First Nationwide Mortgage Corp.*, 206 F. App'x 436, 439 (6th Cir. 2006) (quoting *Exxon Mobil Corp.*, 544 U.S. at 293).  An example of such an independent claim is one where "there is some other source of injury, such as a third party's actions . . . ."  *Id.*

     Here, Plaintiffs assert that the source of their injury is *not* the state court foreclosure decision against them, but instead that, during the state court foreclosure action, MERS improperly posed "as original lender to abridge Plaintiffs' rights."  (DE 14 at 4.)  However, Plaintiffs filed a remarkably similar case against MERS in 2010.  There, Plaintiffs attempted to file their case as a *habeas corpus* proceeding, asserting that MERS violated their Sixth Amendment

rights because it was not present at the eviction hearing. (No. 10-CV-12604, DE 1). This district concluded that, although Plaintiffs' claims were "couched in constitutional terms, their alleged injury [was] founded in the state court's unfavorable handling of the eviction proceeding." *White v. Mortgage Elec. Registration Sys.*, No. 10-CV-12604, 2011 WL 3027768, at *2 (E.D. Mich. July 25, 2011) (Murphy, J.). The court further noted that the Sixth Amendment violation Plaintiffs attempted to allege "did not arise from defendant's conduct, fraudulent or otherwise (nor could it have, since MERS is not a state actor)." *Id.*

Likewise, in the instant action, Plaintiffs couch their claims as if they arose under the Fourth and Fourteenth Amendments, asserting again that MERS violated their constitutional rights by not being present at their eviction hearing. (DE 1 at 4.) They also contend that they "would not have accepted the mortgage had they been told foreclosure could occur outside legislation with a hybrid foreclosure or be prepared by a party that cannot defend the facts contained in its paperwork in a court of law," indicating that the source of their injury remains the state court eviction decision. (Id.) Finally, as in the 2010 case, any constitutional violations could not have arisen from the actions of Defendant, because MERS is not a state actor. Accordingly, I recommend that the Court grant Defendant's motion to dismiss on the basis that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, and the court thereby lacks subject matter jurisdiction.

7

### 2. Permanent Injunction

Including the instant action, Plaintiffs have filed at least eight lawsuits relating to their 2004 foreclosure, seven of them against Defendant MERS. (DE 9-4, 9-7, 9-10, 9-12, 9-15, 9-19, 9-21, and 9-24.)[3] I will briefly summarize the cases and their outcomes below:

### a. *White v. Wells Fargo Home Mortgage*, No. 04-74269, Judge George C. Steeh

Plaintiffs filed this action on November 24, 2004, alleging that Wells Fargo (the loan servicer) violated their rights under the Fourteenth amendment. (DE 9-4.) The court dismissed the case on January 10, 2005, finding Plaintiffs' claims "patently frivolous." (DE 9-6 at 3.)

### b. *White v. MERS*, No. 05-40018, Judge Paul V. Gadola

Plaintiffs filed their next case on January 20, 2005, against the instant Defendant, asserting that MERS violated their Fifth and Fourteenth Amendment

---

[3] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of Plaintiffs' previous complaints without converting Defendant's motion to dismiss into a motion for summary judgment. *Lyons v. Stovall,* 188 F.3d 327, 332 n. 3 (6th Cir. 1999) ("[I]t is well-settled that '[f]ederal courts may take judicial notice of proceedings in other courts of record.'"); *St. Louis Baptist Temple, Inc. v. Federa Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979 ("Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

rights in the foreclosure action. (DE 9-7.) The Court dismissed their complaint due to insufficiency of service of process on May 3, 2006. (DE 9-8.)

### c. *White v. Judge Lombard*, No. 05-70208, Judge Avern Cohn

Plaintiffs filed their third case on January 21, 2005, naming as Defendant the Wayne County Circuity Court judge who apparently ordered Mr. White's wages garnished. (DE 9-10.) It is unclear if this case was related to the 2004 foreclosure. Nevertheless, the Court dismissed the case as frivolous pursuant to 28 U.S.C. § 1915(e)(2) on January 21, 2005. (DE 9-11.)

### d. *White v. MERS*, No. 06-12247, Judge Paul V. Gadola

Plaintiffs filed their fourth case (and second against the instant Defendant) on May 17, 2006, asserting that the 2004 foreclosure was fraudulent because Defendant violated their due process rights and was not a holder in due course of their mortgage. (DE 9-12.) The parties entered a stipulated order of dismissal on November 7, 2006, agreeing to dismiss the complaint with prejudice. (DE 9-14.)

### e. *White v. MERS*, No. 07-10074, Judge Stephen J. Murphy

Plaintiffs' fifth case (and third against the instant Defendant) was filed on January 3, 2007. (DE 9-15.) In this action, they asserted that Defendant violated their statutory rights during the foreclosure proceedings. The Court dismissed the action on October 24, 2008, concluding that it was barred by *res judicata* and the *Rooker-Feldman* doctrine. (DE 9-17.)

9

### f. *White v. MERS*, No. 10-12604, Judge Stephen J. Murphy

Plaintiffs filed a *habeas corpus* action against Defendant on July 1, 2010, asserting that MERS violated their Sixth Amendment rights to confront their accuser during the foreclosure proceedings. (DE 9-19.) The Court dismissed this action on July 25, 2011, concluding that it was barred by *Rooker-Feldman*.

### g. *White v. MERS*, No. 13-11636, Judge Gerald E. Rosen

Plaintiffs filed their seventh case (and fifth against the instant Defendant) on April 11, 2013, challenging MERS' foreclosure by advertisement. (DE 9-21.) The Court dismissed the complaint on April 18, 2013, concluding that Plaintiffs had not established subject matter jurisdiction in federal court. (DE 9-22.)

### f. *White v. MERS*, 15-13317, Judge Mark A. Goldsmith

Finally, Plaintiffs filed their sixth case against the instant Defendant (and eighth overall) on September 21, 2015, alleging that MERS violated their rights under the Fourth and Fourteenth Amendments by seizing their property in the 2004 foreclosure action. (DE 9-24.) The Court dismissed their complaint, pursuant to 28 U.S.C. § 1915(e)(2) on November 19, 2015, finding that Plaintiffs' constitutional claim "against a private actor [did] not create subject matter jurisdiction." (DE 9-25 at 3.)

Defendant now asks the Court to permanently enjoin Plaintiffs from filing any further related action without leave in this court regarding the mortgage and foreclosure at issue. Plaintiffs do not address this issue in their response to Defendant's motion.

Although a party cannot be "absolutely foreclosed from initiating an action in a court of the United States . . . it is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). Further, there is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A. Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). This District considers the following factors when determining whether to impose a prefiling injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, *e.g.,* does the litigant have an objective good faith expectation of prevailing?;
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expenses to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) whether other sanctions would be adequate to protect the courts and other parties.

*Scott v. Bradford*, No. 13-12781, 2014 WL 6675354, at *4 (E.D. Mich. Nov. 25, 2014); *but see Dietrich v. Patti*, No. 16-11469, 2016 WL 3682957, at *5 (E.D. Mich. July 12, 2016) (Hood, C.J.) ("The traditional tests applicable to preliminary injunction motions need not be applied since the district court's prefiling review affects the district court's inherent power and does not deny a litigant access to courts of law.").

This issue was also before the Court in *White v. MERS*, No. 10-12604. There, the Court concluded that such an action was premature due to a then-recently decided case, *Residential Funding Co., LLC v. Saurman*, No. 290248, 2011 WL 1516819 (Mich. Ct. App. Apr. 21, 2011), that could have potentially afforded Plaintiffs additional relief. (Id. at DE 27.) There is no indication that Plaintiffs have sought relief pursuant to the holding of the *Saurman* case in the intervening five years.

However, I see no prematurity issue in this matter and conclude that the above factors all weigh in favor of imposing a prefiling restriction on Plaintiffs. First, as detailed above, Plaintiffs have a history of duplicative lawsuits (at least seven relating to the 2004 foreclosure) against Defendant. Second, there is no indication that Plaintiffs have an objective good faith expectation of prevailing, as the previous suits have all been dismissed for similar and largely jurisdictional

12

reasons.[4] Third, Plaintiffs are not represented by an attorney, despite the Court's warning *in 2005* that they seek legal counsel. (DE 9-6 at 3.) Fourth, Plaintiffs have caused MERS to defend strikingly similar lawsuits multiple times. In addition, this Court has spent considerable time screening Plaintiffs' complaints pursuant to 28 U.S.C. § 1915, twice finding their claims to be frivolous. Thus,

---

[4] Moreover, even if *Rooker-Feldman* were inapplicable in the instant action and the Court had subject matter jurisdiction over Plaintiffs' claims, they would be dismissed for several other reasons, undoubtedly including *res judicata* and the statute of limitations. Under the doctrine of *res judicata*, a claim is precluded when there has been:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Kane v. Magna Mixer Co.*, 71 F. 3d 555, 560 (6th Cir. 1995). Here, as addressed above, this district has decided at least three of Plaintiff's lawsuits against Defendants on the merits, thereby meeting the first two elements. As to element three, all of Plaintiffs lawsuits against Defendant dealt with the 2004 foreclosure action and there is no indication that the issues raised in the instant action could not have been raised in prior suits. Finally, there is sufficient identity in the causes of action, which all relate to Plaintiff's foreclosure and eviction and contain essentially identical facts. Alternatively, the issues decided in the previous related cases would likely lead to dismissal under *res judicata's* "close cousin," *i.e.*, collateral estoppel.

Likewise, Plaintiffs' claims against Defendant, which arise out of the terms of the mortgage loan, would be subject to a six-year statute of limitations for breach of contract. *See*, Mich. Comp. Laws § 600.5807(8). The foreclosure and eviction occurred in 2004, more than eleven years ago.

these Plaintiffs have caused "needles expense to other parties" <u>and</u> have "posed an unnecessary burden on the courts and their personnel." *Scott*, 2014 WL 6675354 at *4 Finally, other sanctions would likely not be sufficient to protect the Court and other parties because of Plaintiffs' well documented and lengthy history of filing similar lawsuits against Defendant. Accordingly, I recommend that, in any new matters filed by Plaintiffs related to their 2004 foreclosure proceedings and the mortgage at issue, the Clerk be directed to open a miscellaneous case number and randomly assign the case to a District Judge. The assigned judge may then conduct a prefiling review of any proposed complaint to determine if the claims are not frivolous, duplicative, or harassing before a summons could be issued. The burden would be on Plaintiffs to show that any new cases filed are not frivolous, duplicative, or harassing.

Finally, although Defendant does not ask the Court to impose sanctions in its motion—and there is no indication of a "Rule 11 letter" having been served upon Plaintiffs[5]—the Court does have the authority now or in future litigation to *sua sponte* "order . . . a party to show cause why conduct specifically described in the order has not violated 11(b)," which requires, among other things, that pleadings and other papers presented to the court not be "presented for any improper purpose[.]" Fed. R. Civ. P. 11(c)(3) and (b)(2). Plaintiff's repeated failure to

---

[5] *See Kovacs v. Ford Motor Credit Co.*, No. 01-72324 (E.D. Mich. Oct. 12, 2001) (Roberts, J.).

accept this Court's unfavorable adjudications makes this latest lawsuit—in a long line of related ones—eligible for such an inquiry if the Court is so inclined.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR

72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: September 9, 2016           s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on September 9, 2016, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Anthony P. Patti