UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE WHITE & KIMBERLY WHITE,

        Plaintiffs,                              Case No. 16-cv-11514

vs.                                                   HON. MARK A. GOLDSMITH

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

        Defendant.
_____/

**OPINION & ORDER
(1) ACCEPTING THE MAGISTRATE JUDGE'S SEPTEMBER 9, 2016 REPORT & RECOMMENDATION (Dkt. 15); (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 9); (3) DENYING PLAINTIFFS' MOTION FOR ORAL ARGUMENT (Dkt. 17); (4) DISMISSING THE CASE WITH PREJUDICE; AND
(5) ENJOINING PLAINTIFFS FROM FILING FURTHER COMPLAINTS WITHOUT FIRST SEEKING AND OBTAINING LEAVE OF COURT BY THE PRESIDING JUDGE AS DESCRIBED IN PART II**

This is a mortgage foreclosure case. The facts and procedural history of this case are adequately summarized in the Magistrate Judge's September 9, 2016 Report & Recommendation ("R&R") and need not be repeated here in full. Plaintiffs Jesse and Kimberly White were mortgagors, and Defendant Mortgage Electronic Registration Systems ("MERS") was the lender's nominee. See 9/9/2016 R&R at 2 (Dkt. 15). The Whites defaulted on their mortgage, and a sheriff's sale was held in 2004. Id. MERS was the winning bidder at that sale and received a judgment of possession. Id. At that point, the Whites began filing lawsuits — nine in total, including this one — that generally sought to set aside the foreclosure. See MERS Mot. at 4-7 (listing lawsuits) (Dkt. 9).[1]

---

[1] The most recent suit, White v. MERS, 15-13317 (E.D. Mich.), was summarily dismissed by this Court, with prejudice, on the basis that MERS was not a state actor and the Whites' suit against it,

1

## I.  MERS's Motion for Summary Judgment

The Whites' instant lawsuit claims that MERS violated 12 U.S.C. § 3757(3)(B) and Mich. Comp. Laws § 600.3204(c) by unlawfully seizing the property and thereby violating their rights under the Fourth and Fourteenth Amendments to the United States Constitution.  See Compl. at 1-2 (cm/ecf page) (Dkt. 1).  Specifically, they assert that MERS did not have the right to foreclose on their property as a mere servicing agent, i.e., when it was not the lender.  They further argue that MERS is a state actor capable of violating their rights under the Constitution because it filed documents with the state and seized property.

MERS filed a motion for summary judgment on May 27, 2016 (Dkt. 9).  Magistrate Judge Patti recommended that the motion be granted, because the Whites' claims are barred by the Rooker-Feldman doctrine, see Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).[2]  The R&R accurately describes the legal background of the doctrine:

> The Rooker-Feldman doctrine provides that inferior federal courts lack jurisdiction to review the final judgments of state courts. Hutcherson, 326 F. 3d at 755.  It applies in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The Sixth Circuit has explained the application of Rooker-Feldman as follows:
>
>> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is

---

brought under 42 U.S.C. § 1983, was, therefore, not cognizable.  The Court subsequently denied the Whites' motion for reconsideration.

[2] MERS also argued that summary judgment is appropriate on grounds of "res judicata, lack of standing with respect to the property, and the applicable statute of limitations. In addition, Defendant asserts that Plaintiffs cannot make a constitutional claim because MERS is not a state actor."  R&R at 3 (summarizing Def. Mot. for Summary Judgment).  Because application of the Rooker-Feldman doctrine deprives a court of jurisdiction, see Hutcherson v. Lauderdale Cnty., Tenn., 326 F. 3d 747, 755 (6th Cir. 2003), the R&R did not reach these additional arguments.

> the state court decision, then the Rooker–Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.
>
> McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006). Federal jurisdiction is proper, therefore, "if a federal plaintiff presents an independent claim, 'albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'" Brown v. First Nationwide Mortgage Corp., 206 F. App'x 436, 439 (6th Cir. 2006) (quoting Exxon Mobil Corp., 544 U.S. at 293). An example of such an independent claim is one where "there is some other source of injury, such as a third party's actions . . . ." Id.

R&R at 5-6. The R&R, cognizant of the Whites' assertion "that the source of their injury is not the state court foreclosure decision against them," id. at 6 (emphasis in original), nevertheless concluded that the instant action was, in fact, an attack on that state court judgment of possession. The Whites' complaint stated that they "would not have accepted the mortgage had they been told foreclosure could occur outside legislation with a hybrid foreclosure or be prepared by a party that cannot defend the facts contained in its paperwork in a court of law," see Compl. at 4 (cm/ecf page) (Dkt. 1), and the R&R interpreted this as an indication that the source of the Whites' alleged injury remains the state court judgment, see R&R at 7.[3]

The Whites objected to the R&R, but their objections were not timely, having been filed 18 days after the issuance of the R&R. This fact constitutes a waiver of the right to further judicial review and permits this Court to accept the recommendation contained in the R&R and grant MERS's motion. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n

---

[3] Of the Whites' constitutional claims brought under the Fourth and Fourteenth Amendments, the R&R correctly notes that, "because MERS is not a state actor," they cannot be held liable for these alleged constitutional violations. R&R at 7.

3

of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter").[4]

There is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Comm. Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (emphasis added)). The Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation. Accordingly, MERS's motion for summary judgment (Dkt. 9) is granted. A separate judgment will enter.

## II. MERS's Request for Pre-filing Restrictions

MERS's motion for summary judgment included a request for a permanent injunction requiring the Whites to seek leave of court before filing any further complaints. See MERS Mot. at 19. The R&R recommends granting MERS's request for a pre-filing restriction. R&R at 12-14. Again, no objection to this portion of the R&R was timely received, meaning that the Whites have waived judicial review of it.

---

[4] Even if the objections were timely, they would have been overruled. Only one objection relates to the R&R's application of the Rooker-Feldman doctrine. See Pls. Obj. at 2. As near as this Court can tell, the objection insists that "document accuracy does . . . affect [the state court] judgment," and, therefore, the accuracy of any operative documents should be considered now. Id. This is an admission that this case is an attack on the state court judgment, and a federal court's inquiry into such matters is the very second-guessing that Rooker-Feldman prohibits. A claim brought under Mich. Comp. Laws § 600.3204, brought in federal court after foreclosure by advertisement, a court-ordered eviction, and the expiration of the redemption period "presents a classic case for application of the Rooker-Feldman doctrine." Colbert v. Fed. Nat. Mortg. Ass'n, No. 12-13844, 2013 WL 1629305, at *7 (E.D. Mich. Apr. 16, 2013). And the claim brought under 12 U.S.C. § 3757(3)(B), part of the HUD Single Family Foreclosure Act, 12 U.S.C. § 3751 et seq., applies only to mortgages that either (i) are held by the Secretary of Housing and Urban Development or (ii) secure a loan obligated by the Secretary. See 12 U.S.C. § 3752(10). The complaint does not indicate that either was the case; rather, it claims that the mortgage was held by "New Freedom Home Mortgage." See Compl. at 2 (cm/ecf page); see also MERS Mot. at 3 (same).

In any event, this Court has reviewed the R&R, not simply for clear error, but on the merits de novo regarding the pre-filing restrictions recommended in the R&R. This Court agrees with the magistrate judge that such restrictions are warranted because the Whites have brought at least eight lawsuits in federal court related to the 2004 foreclosure of their home. See R&R at 8-10 (listing lawsuits). Their insistence on filing claims related to the same foreclosure, despite having the merits of their claim adjudicated against them more than once, amounts to "repetitive or vexatious litigation," which is a valid basis for imposing pre-filing restrictions. Feathers v. Chevron U.S.A. Inc., 141 F.3d 264, 269 (6th Cir. 1998); see also id. ("[W]e see nothing wrong . . . with an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive, frivolous, or vexatious cases within that category.").

Both Jesse and Kimberly White, therefore, are enjoined and restrained from filing in the United States District Court for the Eastern District of Michigan any new lawsuit against any party relating in any way to real property they own, or owned previously, without first making a written request for and receiving a court order from the Presiding Judge authorizing the filing of such lawsuit. The Clerk's Office shall assign such a request a miscellaneous case number before submitting it to the Presiding Judge. Any such request shall not exceed three pages and shall contain a concise explanation of the facts and legal basis for their proposed lawsuit. The request must also attach a copy of this Opinion and Order and the magistrate judge's September 9, 2016 Report and Recommendation. The statement shall not be entered on the docket. If either Jesse or Kimberly White fails to comply with this Court's order, the filing may be stricken and further sanctions may be imposed.

### III. The Whites' Motion for Oral Argument

After the R&R issued and their objections were untimely filed, the Whites filed a "motion for oral argument regarding [Federal Rule of Civil Procedure] 8," asserting that MERS "has failed

to provide grounds [on] which relief could be denied and [the] court has not recognized [MERS]'s written statements as evidence." <u>See</u> Pls. Mot. for Oral Arg. at 1 (cm/ecf page) (Dkt. 9).

The failure to timely object to the R&R, however, constitutes a waiver of judicial review of its conclusions. Oral argument only functions in furtherance of such judicial review; accordingly, the motion is denied as moot. Even on the merits, the Court would deny the motion, as oral argument would not assist in the decisional process. E.D. Mich. LR 7.1(f)(2).

### IV.  Conclusion

For these reasons, the Court accepts the recommendation contained in the September 19, 2016 R&R (Dkt. 15); overrules Plaintiffs' objections (Dkt. 16) as untimely filed; grants MERS's motion for summary judgment (Dkt. 9); orders the Clerk's Office to impose the pre-filing restrictions on Plaintiffs described in Part II, <u>supra</u>; denies Plaintiffs' motion for oral argument (Dkt. 17) as moot; and dismisses the case with prejudice.

SO ORDERED.

Dated:  February 17, 2017           s/Mark A. Goldsmith
           Detroit, Michigan              MARK A. GOLDSMITH
                                          United States District Judge


### **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 17, 2017.


                                          s/Karri Sandusky
                                             Case Manager